**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| HENDERSON STATE BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel, Greenberg Traurig, LLP, and for its Complaint against Defendant Henderson State Bank ("Henderson State Bank"), states as follows:

**NATURE OF THE ACTION**

1. Chase brings this action against Henderson State Bank based on its wrongful refusal to pay a cashier's check that Henderson State Bank issued. Chase, as a holder and holder in due course, seeks to recover damages against Henderson State Bank based on the full amount of the cashier's check that Henderson issued, in addition to all other available relief.

**PARTIES**

2. Chase is a national association with its main office in Columbus, Ohio, as designated in its Articles of Association.

3. Henderson State Bank is a Nebraska bank with its main office in Henderson, Nebraska.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 because, among other things, a substantial part of the events or omissions giving rise to the claims for relief asserted herein occurred in this district and because Henderson State Bank is located within this district.

## GENERAL ALLEGATIONS

6. Nathan Kolterman ("Mr. Kolterman") is a customer and deposit account holder at Henderson State Bank.

7. Custom Consulting & Product Services, LLC is a customer and deposit account holder at Chase.

8. Mark Ray ("Mr. Ray") is a principal of Custom Consulting & Product Services, LLC.

9. Mr. Ray is an account signer for the Chase account of Custom Consulting & Product Services, LLC.

10. Mr. Ray is authorized to deposit and withdraw funds in connection with the Custom Consulting & Product Services, LLC Chase account.

11. On October 26, 2018, Mr. Kolterman purchased a cashier's check from Henderson State Bank in the amount of One Million Four Hundred Forty-Two Thousand Eight Hundred Eighty-Two Dollars and Fifty-Three Cents ($1,442,882.53) (the "Cashier's Check").

12. The Cashier's Check was made payable to Mr. Kolterman or Lynn Kolterman.

13. Mr. Kolterman remained in possession of the Cashier's Check after purchasing it.

14. Mr. Kolterman endorsed the back of the Cashier's Check.

15. Mr. Kolterman had authority to endorse the Cashier's Check as he did.

16. Mr. Kolterman's signature on the back of the Cashier's Check is authentic and not forged.

17. Henderson State Bank has no evidence that Mr. Kolterman's signature on the back of the check was forged.

18. Henderson State Bank has no evidence that Mr. Kolterman's signature on the back of the check is not authentic.

19. Mr. Kolterman transferred possession of the Cashier's Check to Mr. Ray.

20. After receiving possession of the Cashier's Check, Mr. Ray wrote "Pay to the order of Custom Consulting and Product Services" on the Cashier's Check.

21. Mr. Ray deposited the Cashier's Check into Custom Consulting & Product Services, LLC's Chase deposit account.

22. Mr. Ray was authorized to deposit the Cashier's Check into the account of Custom Consulting & Product Services, LLC's Chase deposit account.

23. On October 26, 2018, Chase accepted the Cashier's Check for deposit into Custom Consulting & Product Services, LLC's Chase deposit account.

24. Chase made the funds from the Cashier's Check available to Custom Consulting & Product Services, LLC.

25. Chase did not have notice that the Cashier's Check was subject to claims or defenses when it accepted the Cashier's Check.

26. Chase did not have notice that the Cashier's Check was subject to claims or defenses when it made funds from the Cashier's Check available to Custom Consulting & Product Services, LLC.

27. The Cashier's Check was not overdue when Chase accepted the Cashier's Check.

28. The Cashier's Check had not been dishonored when Chase accepted the Cashier's Check.

29. Thereafter, Chase presented the Cashier's Check to Henderson State Bank for payment.

30. Henderson State Bank refused Chase's request for payment on the Cashier's Check.

31. Henderson State Bank refused to pay the Cashier's Check after Chase made the funds available to Custom Consulting & Product Services, LLC.

32. Henderson State Bank had no legal basis to refuse payment on the Cashier's Check.

33. Henderson State Bank's refusal to pay the Cashier's Check is wrongful.

34. The Chase account of Custom Consulting & Product Services, LLC was overdrawn in the amount of the Cashier's Check because of Henderson State Bank's wrongful refusal to pay the Cashier's Check.

35. Chase has been damaged in excess of $1,442,882.53 based on Henderson State Bank's wrongful refusal to pay the Cashier's Check.

**FIRST CLAIM FOR RELIEF**
**(Neb. Rev. Stat. U.C.C. § 3-411 – Wrongful Refusal to Honor a Cashier's Check)**

36. Chase incorporates the allegations of paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

37. Henderson State Bank issued the Cashier's Check.

38. Chase accepted the Cashier's Check for deposit.

39. Chase is a holder entitled to enforce the Cashier's Check.

40. Chase took the Cashier's Check for value.

41. The Cashier's Check is authentic.

42. The Cashier's Check was endorsed by Mr. Kolterman.

43. Chase took the Cashier's Check without notice of the Cashier's Check being overdue or having been dishonored.

44. Chase took the Cashier's Check without notice of the Cashier's Check being subject to a claim or defense.

45. Henderson State Bank wrongfully refused to honor the Cashier's Check upon its presentment by Chase.

46. Chase is a holder in due course under Neb. Rev. Stat. U.C.C. § 3-302.

47. Chase is entitled to recover the full amount of the Cashier's Check.

48. Chase is entitled to recover its expenses, fees, and consequential damages due to Henderson State Bank's violation of Neb. Rev. Stat. U.C.C. § 3-411.

WHEREFORE, Chase respectfully requests that this Court: (a) enter judgment in Chase's favor and against Henderson State Bank in the amount of $1,442,882.53, plus interest; (b) award Chase its consequential damages, including but not limited to, its costs, attorney's fees, and expenses, and (c) grant Chase such other relief that this Court deems just and proper.

Dated: December 27, 2018                                    Respectfully submitted,

                                                                                         */s/ Thomas E. Dutton*
                                                                                         Thomas E. Dutton
                                                                                         Greenberg Traurig, LLP
                                                                                         77 W. Wacker Drive, Suite 3100
                                                                                         Chicago, Illinois 60601
                                                                                         Tel: (312) 456-8400

                                                                                         *Attorney for JPMorgan Chase Bank, N.A.*