IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | 4:18CV3171 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| HENDERSON STATE BANK, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

In response to Plaintiff's Motion for Summary Judgment (Filing No. 27)—which was filed only 19 days after issuance of the Progression Order (Filing No. 24)—Defendant has filed a Rule 56(d)[1] Motion for Discovery (Filing No. 31) asking this court to deny or defer consideration of Plaintiff's Motion for Summary Judgment to allow for discovery to proceed pursuant to the Progression Order.

**BACKGROUND**

Plaintiff brings this action under Neb. Rev. Stat. § 3-411 for Defendant's alleged wrongful refusal to pay a $1,442,882.53 cashier's check that Defendant issued and that Plaintiff accepted for deposit. (Filing No. 1, Complaint.) Defendant asserts that its failure to pay the cashier's check was not a wrongful refusal; its alleged liability is eliminated or reduced by lack of adequate endorsement of the check when presented to Defendant; Plaintiff failed to act in a commercially reasonable manner; Plaintiff has allegedly settled with involved individuals and entities; Plaintiff failed to mitigate its alleged damages; Defendant was wrongfully induced to issue the check;

---

[1]Fed. R. Civ. P. 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

and any acceptance by Defendant of the check, if any, was by mistake. (Filing No. 18, Report of Parties' Planning Conf. at CM/ECF p. 2; Filing No. 11, Substituted Answer.)

## STANDARD OF REVIEW

"The general rule is that summary judgment is appropriate only after the nonmovant has had adequate time for discovery." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (internal quotation marks and citation omitted). "Pursuant to Rule 56(d), a party opposing summary judgment may move for a continuance until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition to a summary-judgment motion." *Id*. (internal quotation marks and citation omitted).

The party seeking additional discovery must establish "(1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Id*. (alterations in original) (internal quotation marks and citation omitted). "As to the second element, [i]t is well settled that Rule 56([d]) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]." *Id*. (alterations in original) (internal quotation marks and citation omitted). "It is not enough to present a list of facts sought to be discovered. The nonmovant must articulate how those facts [a]re relevant to rebut the movant's showing of the absence of a genuine issue of fact." *In re Mirapex Prod. Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019) (internal quotation marks and citation omitted).

## DISCUSSION

Defendant asks the court to deny Plaintiff's pending Motion for Summary Judgment or defer ruling on it until Defendant has conducted additional discovery. Far

from a "fishing expedition," Defendant has set forth by declaration specific information it has sought, or plans to seek, from named individuals regarding specifically identified issues relevant to the Motion for Summary Judgment and difficulties it has encountered in procuring some of the information. (Filing No. 33-4 (outlining discovery sought on first day Defendant could initiate written discovery and listing reasons for needing certain discovery, such as addressing "Plaintiff's good faith, notice of defenses, and other holder in due course . . . analysis," fraud in the inducement, consideration for issuing the cashier's check, timing of the alleged stop-payment, whether Plaintiff's conduct was commercially reasonable and taken in good faith, mitigation of Plaintiff's damages); Filing No. 43-4 (listing discovery requested from various individuals, describing delay in responses to such discovery, and stating that "Plaintiff has yet to produce the requested documents that would provide even more specific facts related to Plaintiff's notice, red flags, or knowledge of the fraudulent scheme and the subject of failure of or lack of consideration").)

Further, Defendant explains how these sought-after facts are essential to resist Plaintiff's Motion for Summary Judgment:

> 15. [Defendant] believes and suspects the facts will reveal that Plaintiff had knowledge of the fraud or failure of consideration and had taken action to react to such fraud at least as early as October 26, 2019—or the day it accepted the cashier's check.
>
> 16. [Defendant] believes these facts will create a genuine issue of material fact as to whether Plaintiff was a holder in due course and whether Plaintiff conducted itself in a commercially reasonable manner and/or according to reasonable industry standards of fair dealing.
>
> 17. [Defendant] requires and desires discovery pursuant to the Progression Order or any amendment thereto in order to probe into Plaintiff's notice and knowledge of a fraudulent scheme between Ray, Ray Entities, and/or other related parties, lack or failure of consideration to [Defendant], and when such notice and knowledge arose.

(Filing No. 33-4, Decl. Thomas Ashby, at CM/ECF p. 6.)

Because Defendant has more than satisfied the showing required to seek additional discovery under Fed. R. Civ. P. 56(d), I shall grant Defendant's motion and deny Plaintiff's Motion for Summary Judgment (Filing No. 27) without prejudice to its refiling upon completion of discovery.

Accordingly,

IT IS ORDERED:

1. Defendant's Rule 56(d) Motion for Discovery (Filing No. 31) is granted;

2. Plaintiff's Motion for Summary Judgment (Filing No. 27) is denied without prejudice to its refiling upon completion of discovery.

3. Plaintiff's Motion to Stay Case Progression Pending Ruling on Plaintiff's Rule 56(b) Motion for Summary Judgment and Defendant's Rule 56(d) Motion for Discovery (Filing No. 46) is denied as moot.

DATED this 13th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge